FILED by ___EG___ D.C.
ELECTRONIC

Nov 4 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-22887-CIV-MOORE

JEANNETTE VARELA,

    Plaintiff,

v.

MTV NETWORKS, a division of
Viacom International, Inc. and
M. I. RECORDS, INC.,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Pursuant to Local Rule 16.1E, the parties submit the following joint pretrial stipulation. The numbered paragraphs of the Stipulation correspond to the numbered paragraphs of Local Rule 16.1E.

1. **Concise Statement of the Case by Each Party in the Action**

Plaintiff's Statement: This is an action by plaintiff Jeannette Varela against defendant M.I. Records, Inc. for breach of a written lease agreement. Plaintiff seeks damages for breach of the lease as a result of the unauthorized use of the premises for a party and the filming of a video shoot and for the physical damages caused to the leased premises and personal property.

M.I. Records, LLC 's Statement:

M.I. Records, LLC is not the named defendant in this action. Although Plaintiff contends that M.I. Records, LLC is the proper defendant instead of the named M.I. Records, Inc., Plaintiff has never moved to substitute M.I. Records, LLC as the defendant. M.I. Records, LLC contends it is not the party who contracted with the Plaintiff to rent her home in 2001. Furthermore, and in the alternative, M.I. Records, LLC contends: (a) the lease at issue is illegal and therefore unenforceable; (b) Plaintiff's sole remedy is to make a claim under the insurance policy that was specifically put in

place to cover damage to Plaintiff's property; (c) Plaintiff has failed to comply with Florida Statutes Section 83.49 and, therefore, has forfeited her rights to retain the $30,000 security deposit paid with the lease and is liable for attorney's fees; (d) Plaintiff has failed to substantiate her damage claims with competent evidence.

2.  **The Basis of Federal Jurisdiction**

    This Court has diversity jurisdiction. State law governs the contract at issue.

3.  **Pleadings Raising the Issues**
    1. Plaintiff's Amended Complaint.
    2. M.I. Records LLC's answer to Plaintiff's complaint dated January 18, 2005.

4.  **All Undisposed of Motions or Other Matters Requiring Action by the Court.**
    1. M.I. Records, LLC's Motion to Strike/Motion in Limine
    2. M.I. Records, LLC's' Supplement to Motion to Strike/Motion in Limine
    3. M.I. Records, LLC's Motion to Strike Exhibits
    4. Plaintiff's Motion to Correct Scrivener's Error
    5. Plaintiff's Motion in Limine
    6. M.I. Records, LLC's Motion for Leave to Amend Answer
    7. M.I. Records, LLC's Motion for Reconsideration

5.  **A Concise Statement of Uncontested Facts Which Will Require No Proof at Trial with Reservations, If Any.**

    1. Plaintiff entered into an agreement on April 30, 2001 with "M. I. Records" to lease her home located at 27 Star Island, Miami Beach, Florida for a period of four days over Memorial Day Weekend.
    2. As consideration for the four-day rental, Plaintiff was paid $16,000.
    3. Plaintiff failed to provide the lessee with the notice required by Florida Statutes

Section 83.49(2) within 30 days of receipt of the security deposit indicating the location and manner of deposit of the security deposit and whether it was accruing interest while on deposit.

4. As a precondition to the lease, Plaintiff was paid $30,000 as a security deposit and an insurance policy was put in place for $1,000,000 coverage on which the Plaintiff was specifically named as certificate holder.

6. **Statement of issues of fact which remain to be litigated at trial**

   1. The existence of and amount of damages caused to the premises and personal property of Plaintiff by the lessee.

   2. Whether Plaintiff was named as an additional insured on the insurance certificate required under the lease.

   3. Whether Plaintiff failed to comply with Florida Statutes Section 83.49(3) (a) by withholding the security deposit for a purpose contrary to the terms of the parties' contract.

   4. Whether Plaintiff has failed to make a claim under the $100,000,000 insurance policy that was specifically put in place at her insistence to cover any property damage.

   5. Whether Plaintiff was cited by the City of Miami Beach for this short-term home rental as violative of City of Miami Beach Ordinance No. 114-4(1).

   6. Whether Chris Gotti has ever been the President of M. I. Records, LLC, or has ever been an officer, director or employee of M. I. Records, LLC.

   7. Whether the lessee had a party at the house with hundreds of people.

   8. Whether damages were caused to the house and leased personal property from the party.

   9. Whether M.I. Records, LLC authorized MTV to film a segment of Cribs at the property.

   10. Whether M.I. Records, LLC had authority from Plaintiff or under the lease to film video shoot at the house.

   11. Whether Plaintiff and M.I. Records, LLC began negotiations for use of the home for filming, but no such agreement was ever signed and no money was paid by M.I. Records, LLC to Plaintiff for use of her home for filming.

   12. Whether Ja Rule is a recording artist which at all times material recorded under

        contract with M.I. Records, LLC.

13. Whether MTV internationally broadcasted the episode of Cribs which included Plaintiff's home on many occasions.

14. Whether at the time the subject lease was entered into, Defendant M. I. Records, Inc. was a New York corporation owned and controlled by Irving Gotti, a/k/a Irving Lorenzo, Chris Gotti's brother.

15. Whether M.I. Records, LLC is the contracting party.

Plaintiff does not agree that the issues raised in paragraphs 2-6 and 14 are relevant issues of fact to be determined at trial. As asserted below, Plaintiff asserts that Defendant failed to plead those issues as affirmative defenses and thus those are not relevant issues fact to be determined at trial. Similarly, M.I. Records, LLC does not agree that all of the above issues are relevant and will make those objections as appropriate at trial.

7. **A concise statement of issues of law on which there is agreement.**

    None.

8. **A concise statement of issues of law which remain for determination by the Court.**

    1. Whether the lease at issue is illegal and, therefore, unenforceable as a matter of law.

    2. Whether Plaintiff has any proof of her damages to meet the legal threshold of competency.

    3. Whether Plaintiff has forfeited her right to retain the $30,000 security deposit and is liable for attorney's fees for failure to comply with Florida Statutes Section 83.49.

    4. Whether M. I. Records, LLC may be liable in this case where it is not the named defendant.

    5. Whether M.I. Records, LLC is the contracting party.

    6. Whether Plaintiff's sole remedy for property damage is to make a claim under the insurance policy required by the lease.

    7. Whether Plaintiff is qualified as an owner of the real and personal property to testify as to her opinion of the value of the destroyed and/or damages items of personal property.

    8. Whether issues raised in 1, 3, and 5 above were waived due to Defendant's failure

to plead those issues as affirmative defenses.

9. **Trial Exhibits**

   The parties' exhibit lists are attached hereto.

10. **Witness lists**

    The parties' witness lists are attached hereto.

11. **Estimated length of trial**

    Plaintiff estimates that the trial will take 3-4 days. M.I. Records, LLC estimates the trial will take 1-2 days.

12. **Attorneys Fees**

    Plaintiff estimates its maximum amount of allowable attorney's fees is $125,000 at this time. M.I. Records, LLC estimates its attorney's fees to be approximately $50,000.00.

    Dated: November 4, 2005.

| KAREN L. STETSON, ESQ. | Robert H. Cooper P.A. |
| --- | --- |
| *Counsel for M.I. Records, LLC* | *Counsel for Plaintiff* |
| P.O. Box 403023 | Aventura Executive Office |
| Miami, Florida 33140 | 2999 N.E. 191 St., Suite 704 |
| Telephone: (305) 532-4845 | Miami, Fl. 33180 |
| Facsimile: (305) 604-0598 | Telephone: (305) 792-4343 |
| | Facsimile (305) 792-0200 |
| By: s/Karen L. Stetson | By: s/Robert H. Cooper |
| Karen L. Stetson | Robert H. Cooper |
| Florida Bar No. 742937 | Florida Bar No. 0650323 |

## Plaintiff's Witness List

1. Plaintiff Jeannette Varela 8322 NW 64 St., Miami, FL 33166

2. Luis E. Varela Jr., 305-342-4143, 27 Star Island Dr., Miami Beach, FL 33139

3. Diego, the chef during the stay n/a still trying to locate

4. Sean Keenan n/a still trying to locate

5. Karen Llanos, 305-594-2229, 1234 Buchanan St. Hollywood, Fl. 33019

6. Bryan Campbell, 305-610-3340, 1015 S. 13th Ave. Hollywood Fl. 33019

7. Marcel Buurman, 305-944-9099, 485 S Shore Dr. Miami Beach, 33141

8. Eddie Saavedra n/a still trying to locate

9. Richard Saavedra n/a still trying to locate

10. Marco Erro, 786-306-7770, 8942 W. Flagler St. Unit 8, Miami, FL 33174

11. John Martin, 321-217-6133, 191 N. Hibiscus Dr. Miami Beach, FL33139

12. Natalie Eskert, 305-710-0122, 10200 SW 125th St. Miami FL 33176

13. Lilian Gonzalez, 305-778-7901, n/a

14. Mauricio Gonzalez, 786-210-6375, 1601 NE 191St #B411, Miami, FL 33179

15. Wackenhut Security guards on the island on the date and/or records custodian for Wackenhut and/or Star Island.

16. Edward Heredia, 305-586-9408, 10010 NW 44th Terr #101, Doral, FL 33178

17. Alexis Blanco, 305-505-3092, 2219 SW 27th Terr., Miami FL 33133

18. Mayra Gonzalez, 305-593-2959, 7846 NW 116 Ave. Miami, FL 33178

19. Paul Gioia, 305-205-9561, 27 Star Island Dr. Miami Beach FL 33139

20. Randy Hofer, 305-531-3105, 1390 Ocean Dr. Suite 305, Miami Beach, FL 33139

21. Jerry Attardi, 7601 East Treasure Dr. Suite 12, North Bay Village, FL 33141

22. Gabby Peluso, address unknown.

23. Bill Evans, address unknown

24. Chris Gotti, address unknown

25. Any and all witnesses on Defendant's witness list.

## Plaintiff's Exhibit List

1. Photographs of the damaged property.   A; Not Produced

2. The damaged property.   A; Not Produced

3. Lease.   Not Sufficiency Identified

4. Letter from plaintiff to Jonathan Lieberman dated May 10, 2001.

5. Fax from plaintiff to defendant dated May 7, 2001

6. Fax from plaintiff to Jonathan Lieberman dated May 11, 2001   A, H

7. Traffic logs   A

8. Location agreement dated April 4, 2000   R

9. Location agreement dated January 10, 2000   R

10. Location agreement dated January 22, 1999   R

11. MTV cribs episode   A,R

12. City of Miami Beach letter dated July 21, 2001.

13. Two notices of violation dated May 29, 200.

14. Location agreement   Not Sufficiently Identified

15. Letters dated June 15, 2001 and June 20, 2001 from Jerry Attardi   A

16. Publix receipt

17. Letter dated May 30, 2001 from plaintiff to defendant. Do not agree with characterization

18. Letter dated June 1, 2001 from plaintiff to Jonathan Lieberman.

19. Letter dated May 11, 2001 from plaintiff to Miami Rent. Incomplete exhibit

20. Letter dated July 13, 2001 from Jonathan Lieberman to plaintiff

21. Premises permit dated May 26, 2001    R,A

22. MTV contact sheet dated May 26, 2001.  R,A

23. Guest Performer Release.    R,A

24. All impeachment and rebuttal documents.

25. All documents identified in the deposition of plaintiff.

26. Any and all exhibits listed on Defendant's Exhibit List.

## M.I. Records' LLC's Witness List

1. Corporate representative of M.I. Records, LLC

2. Corporate representative of Island Def Jam Records

3. Gabrielle Peluso

4. Carlos Justo, Wimbish Realty, 3905 Alton Road, Miami Beach, FL 33140

5. Damien Zapata, 1234 Washington Avenue, #300, Miami Beach, FL 33139

6. Suzi Blitzer[1], 5690 Oakmont Avenue, Fort Lauderdale, FL 33312  (expert)

7. Jose Alberto. City of Miami Beach, Code Enforcement, 505 17th Street, Miami Beach, FL 33139, or other City of Miami Beach Code Enforcement representative

8. Marina Barturen, Esq., 100 S.E. 2nd St., Suite 2650, Miami, FL 33131

9. All impeachment and rebuttal witnesses

---

[1] In the event the Court rules Plaintiff may testify as to the value of marble statues, driveway, Chinese vase, Lladros or other antique or valuable personal items.

10. Any and all witnesses listed on Plaintiff's Witness List

M.I. Records, LLC reserves the right to supplement its Witness List upon receipt of Plaintiff's court-ordered discovery responses.

### M.I. Records, LLC's Exhibit List

1. Lease between Plaintiff and Chris Gotti/M.I. Records Inc. dated April 30, 2001 - **Do not agree with characterization**

2. *Location Lease Agreement dated April 4, 2000

3. *Location Lease Agreement dated January 10, 2000

4. *Location Lease Agreement dated January 22, 1999

5. Security deposit in the amount of $30,000

6. Certificate of Liability Insurance dated May 24, 2001 **A,R,H,UP**

7. Sample Certificate of Liability Insurance **R,UP**

8. Vacation Rental Agreement dated May 2, 2001

9. Letter dated July 21, 2001 from City of Miami Beach to Plaintiff regarding violation of City of Miami Beach Ordinance No. 114-4(1) **A,R,H,UP**

10. Fax from Miami Rental.com dated May 5, 2001

11. Notice of Zoning Violation (undated) **A,R,H,UP**

12. Notice of Zoning Violation (dated May 29, 2001) **A,R,H,UP**

13. Certificate from State of New York Department of State re: M.I. Merchandising, I Inc. **A,R,H,UP** Not Produced

14. Certificate of Amendment of the Certificate of Incorporation of M.I. Merchandising, Inc. **A,R,H,UP** Not Produced.

15. Complaint to Enjoin Nuisance; Case No. 01-21402 CA 03 **A,R,H,UP**

16. Letter from Plaintiff to Jonathan Lieberman dated May 10, 2001

17. Letter from Plaintiff to Jonathan Lieberman dated June 1, 2001

18. Letter from Jonathan Lieberman to Plaintiff dated July 13, 2001

19. *Fax Cover Sheet from Plaintiff to Chris Gotti dated May 11, 2005

20. *Letter from Plaintiff to Chris Gotti dated May 30, 2001

21. Letter from Marina Barturen, Esq. to Jonathan Lieberman dated July 1, 2001.

22. Return receipts dated June 4, 2001

23. Bid/estimate from Jerry Attardi dated June 15, 2001

24. Bid/estimate from Jerry Attardi dated June 20, 2001

25. Plaintiff's itemized list of alleged damages prepared within a few weeks of the incident

26. *Cribs episode

27. Plaintiff's answers to M.I. Records' Interrogatories

28. MTV's answers to Plaintiff's Interrogatories **A**

29. All impeachment and rebuttal documents

30. Any and all exhibits listed on Plaintiff's Exhibit List

M.I. Records, LLC reserves the right to supplement its Exhibit List upon receipt of Plaintiff's court-ordered discovery responses.

* If the need arises