UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22887-CIV-MOORE

JEANNETTE VARELA,
    Plaintiff,

vs.        **ORDER**        **CLOSED CIVIL CASE**

MTV NETWORKS, a division of Viacom
International Inc.; M.I. RECORDS, INC.; and
UNIVERSAL STUDIOS, INC.,
    Defendants.
_____/

THIS CAUSE came before the Court upon M.I. Records, LLC's Motion for Summary Judgment (DE #85).

UPON CONSIDERATION of the Amended Complaint and the Motion, as well as the memorandum filed in opposition thereof, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

Plaintiff Jeannette Varela owns and resides in a multimillion dollar waterfront mansion on Star Island in Miami Beach, Florida. Amended Compl. at ¶ 8. Plaintiff entered into a lease with Defendant, M.I. Records, Inc. ("Defendant" or "M.I. Records"),[1] for the use of her Star Island "crib,"[2] during Labor Day Weekend in 2001 by Ja Rule, one of their recording artists. Id. at ¶¶ 9, 28. In consideration for this four-day rental, the Plaintiff was paid $16,000 and given a $30,000

---

[1] There is some dispute surrounding the distinction between M.I. Records, Inc., a New York corporation that is the named defendant, but has not yet appeared in this case, and M.I. Records, LLC, a Delaware corporation that answered the Complaint, purportedly to avoid an entry of default. It is not clear to the Court why M.I. Records, LLC raised the issue that it was the improper party only in passing in its Answer and did not raise it again until it filed its motions in limine. It is also unclear why, if M.I. Records, LLC and M.I. Records, Inc. are as distinct as M.I. Records, LLC claims, M.I. Records, LLC would feel compelled to respond to a Complaint to avoid an entry of default against M.I. Records, Inc..

[2] According to the Rap Dictionary, the self-proclaimed "oldest and ultimate resource for looking up hip-hop slang," "crib" and "home" are synonymous.

security deposit. See M.I. Records, LLC's Statement of Undisputed Facts, at ¶1.[3] Plaintiff alleges that Defendant breached its lease with the Plaintiff by hosting an unauthorized party at her mansion, which resulted in widespread drug use on the property, extensive damage to the property, and caused a strain on her relationship with her neighbors. Id. at ¶¶ 20-25.

As a result of the alleged unauthorized use of her mansion, Plaintiff filed the instant suit.[4] In Count I of her Amended Complaint, Plaintiff alleges a claim for breach of contract against Defendant, M.I. Records.[5] As Count II of Plaintiff's Amended Complaint against MTV was dismissed on October 3, 2005 (DE #83), Plaintiff's claim for breach of contract against M.I. Records is the sole remaining claim.

## II. SUMMARY JUDGMENT STANDARD

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An

---

[3]Plaintiff did not file a separate statement of undisputed facts. Thus, all material facts set forth in the Defendant's statement are deemed admitted if supported by evidence in the record, pursuant to S.D. Fla. Local Rule 7.5(D).

[4]Plaintiff was given leave to file an Amended Complaint after numerous counts alleging unjust enrichment (Count II), intrusion (Count III) and public disclosure of private facts (Count IV), were dismissed from her original Complaint without prejudice. See June 24, 2005 Order (DE #46).

[5]Upon a *sua sponte* review of the record, it appears to the Court that service was never effectuated on any defendants, in violation of Fed. R. Civ. P. 4(m).

2

issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55.

Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

3

of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. Id.

### III.   DISCUSSION

The Defendant moves for summary judgment on four grounds: (1) the contract is illegal and unenforceable; (2) M.I. Records, LLC is the wrong party; (3) Plaintiff's remedy is to assert a claim under her $1,000,000 insurance policy, which she failed to do; and (4) Plaintiff has forfeited her right to retain the security deposit because she failed to comply with the technical requirements of Florida Statutes §83.49. As the Court believes that the Defendant is entitled to summary judgment due to the illegality of the contract, it will not consider the remaining three arguments in support of Defendant's motion.

Florida contract law and public policy prohibit the enforcement of illegal contracts. See Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860, 864 (Fla. 2005) ("Florida public policy and contract law prohibit breathing life into a potentially illegal contract . . ."); Harris v. Gonzalez, 789 So.2d 405, 409 (Fla. 4th DCA 2001) ("A contract which violates a provision of the constitution or a statute is void and illegal and will not be enforced in our courts"). As a matter of public policy, the court "will not provide aid to enforce an obligation that arises from an illegal contract." Neiman v. Provident Life & Accident Insurance Co., 217 F.Supp.2d 1281, 1286 (S.D.Fla. 2002). See also Wechsler v. Novak, 26 So.2d 884, 887 (Fla. 1946) ("The general right to contract is subject to the limitation that the agreement must not violate the Federal or State Constitutions or state statutes or ordinances of a city or town or some rule of the common law").

It is undisputed that the Plaintiff received a citation from the City of Miami Beach for

4

entering into an illegal short-term home rental in violation of City of Miami Beach Ordinance No. 114-4(a). See Statement of Undisputed Facts, at ¶4; Defendant's Motion for Summary Judgment (the "Motion"), at Ex. C. Plaintiff testified that she spoke with officials from the City of Miami Beach who wrote her a letter confirming that short term leases such as the one at issue here -- property rentals of fewer than six months -- are illegal. See Reply, at 2. Indeed, in her deposition, Plaintiff concedes that short-term rentals are not permitted within the City of Miami Beach. See Varela Deposition Transcript, at p.135, lines 18-25; p.136, line 1. Furthermore, as reflected by the Amended Complaint, Plaintiff's cause of action against M.I. Records begins and ends with the lease entered into between M.I. Records, Inc. and Ms. Varela. Other than incorporating the first 35 paragraphs of the Amended Complaint, Count I in its entirety merely states that "Plaintiff and M.I. Records entered into the Lease," "M.I. Records breached the Lease," and "As a result of the breach of the lease, plaintiff suffered damages." Amended Complaint, ¶¶35-38.

Rather than advocating the untenable position that the lease is legal, Plaintiff employs the "kitchen sink" method, asserting multiple arguments in conclusory fashion, in the hope that one might stick. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 3-6. After muddling through this laundry list of arguments however, it is clear that the Plaintiff essentially asks the Court to ignore the fact that the lease itself was illegal and enter an order enforcing its terms. We decline to do so.

First, Plaintiff claims that the two notices of violation issued by the City of Miami Beach are inadmissible hearsay. The Court disagrees. The violations are admissible as public records pursuant to Federal Rule of Evidence 803(8).

Next, the Plaintiff makes the disingenuous argument that the notices of violation "make

clear that the violation was for renting out house [sic] to about 30 people at once, for 4 days," implying that the lease itself, which allows the use of Ms. Varela's home "for (8) eight adults only and for no other purpose and for occupancy by no other persons," is perfectly valid. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp."), at 4. This is not the case, as the contract violates the City ordinance prohibiting short term leases, whether it was for eight people or eighty people. Indeed, as a follow-up to her inquiry to the City, Plaintiff received a letter from the City stating "Short term rentals are not permitted. A short term rental is defined as a period of less than six months." Reply, at Ex. A.

Plaintiff next claims that it was the Defendant's own breach of contract that created the illegality, thus the Defendant cannot now assert that defense. Pl. Opp. at 4 (citing Commodore Plaza at Century 21 Condominium Ass'n, Inc. v. Carribean Parking & Sec. Systems, Inc., 358 So.2d 67 (Fla.3d DCA 1978)). This is a misstatement of the facts. As noted above, and contrary to the facts of Commodore Plaza, the lease is invalid on its face, not due to some subsequent illegal behavior by the Defendant. Thus, the Defendant is permitted to assert the illegality defense.

Finally,[6] the Plaintiff contends that illegality is an affirmative defense that has been waived because the Defendant is raising it for the first time on a motion for summary judgment. Pl. Opp. at 1. The rules surrounding waiver of affirmative defenses are not, however, as rigid as Plaintiff suggests. See North Georgia Elec. Membership Corp. v. City of Calhoun, Georgia, 989 F.2d 429,

---

[6] The Plaintiff briefly suggests that she is entitled to relief because, as a result of Defendant's initial alleged breach of the lease (that is, (1) improperly filming inside the house; and (2) having a party with more than eight people), the Plaintiff's house was damaged. As Plaintiff concedes, however, these claims are premised on the breach of an illegal contract, which is not recognized by this Court. Pl. Opp. at 4-5. Indeed, the Complaint's sole claim against M.I. Records is titled "Breach of Contract."

432 (11th Cir. 1993) ("the cases in which waiver has been found, both according to our own research and judging by the cases cited in Wright, Miller, and Cooper, involve much clearer evidence of waiver. In the typical waiver case, the defendants did not raise the defense in pleadings, amended pleadings, or arguments before the court. Rather, defendants deemed to have waived [an affirmative defense] generally raises the issue for the first time quite late in the proceedings--after a trial has been lost"). The purpose of requiring affirmative defenses such as illegality to be asserted relatively early in proceedings is to "give the opposing party notice of the affirmative defense and a chance to rebut it." Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989). The Plaintiff has not demonstrated any prejudice here, however, by Defendant's somewhat belated assertion of the defense of illegality. First, it is clear that Ms. Varela was deposed on this topic, thus effectively putting the Plaintiff on notice that this was a potential defense. See Varela Deposition Transcript, pp. 135-36; 142-43. Furthermore, as the Defendant points out, M.I Records, LLC was not the party that contracted with Plaintiff for the lease of her "crib."[7] Thus, it was not until discovery was completed that the defense of illegality became apparent. M.I. Records, LLC's Opposition to Plaintiff's Motion in Limine or, in the Alternative, Motion for Leave to Amend Answer, at 4. Lastly, the Plaintiff asserts that it "never had an opportunity to conduct discovery with regard to any of these matters" without actually specifying how any additional discovery could conceivably help her cause. Plaintiff states that she "has not taken the deposition of defendant M.I. Records nor of Chriss [sic] Gotti nor has the plaintiff conducted discovery with regard to the unpled affirmative defenses. Pl. Opp. at 2. The Plaintiff

---

[7]Defendant also moves for summary judgment on the grounds that it is an improper party to this action. See Motion at 4-6; n. 1, supra. The Court need not reach resolution of this issue. See also n.2, supra.

7

advances no argument as to how raising the defense of illegality earlier has any connection to Plaintiff's failure to depose Chris Gotti, the signatory of the lease on behalf of M.I. Records. Similarly, the Plaintiff scheduled and cancelled the deposition of M.I. Records, LLC. Reply, at 4. Thus, Plaintiff's suggestion that she is somehow prejudiced by the untimeliness of the illegality defense is unconvincing.

## IV.   ATTORNEYS' FEES

Under Federal Rule of Civil Procedure 16(f), "If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge . . . upon the judge's own initiative, may make such orders with regard thereto as are just . . . ." Courts have "'very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'" Rice v. Barnes, 201 F.R.D. 549, 551 (M.D. Ala. 2001) (quoting Martin Family Trust v. Heco/Nostalgia Enter. Co., 186 F.R.D. 601, 603 (E.D.Cal.1999)). "'Calendars are simply too crowded for parties to treat scheduling orders as optional' and to submit required court filings 'at their own convenience.'" Id. (quoting Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir.1996)).

This Court's Scheduling Order specifically states that "Any and all pretrial motions, including motions for summary judgment, must be filed no later than sixty (60) days prior to the trial date" of October 31, 2005. DE #19. Thus, the deadline for motions for summary judgment was September 1, 2005. Defendant's Motion for Summary Judgment was filed on October 11, 2005, approximately six weeks late. DE #85. As a result of this belated filing, the Court directed the Defendant to "pay all reasonable attorneys' fees and costs incurred by counsel for Plaintiff in

responding to Defendant's" motion. DE #132. If counsel for Defendant did not wish to incur these additional costs, it could have simply moved to withdraw its motion for summary judgment. Nonetheless, Defendant did not do so and first raised its opposition to the Court's Order (DE #132) in its Reply. Accordingly, the Court will not amend its November 16, 2005 Order. Counsel for Plaintiff is directed to separately file its motion for attorneys' costs and fees within eleven (11) days from the date of this Order.

## V.   CONCLUSION

Based on the foregoing, it is ORDERED and ADJUDGED that Defendant's Motion for Summary Judgement is GRANTED. This case is CLOSED. All motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of December, 2005.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided: All counsel of record